UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HUMBERTO MAGANA-TORRES,[1]<br><br>    Plaintiff,<br><br>v.<br><br>EDWARD J. BORLA, et al.,<br><br>    Defendants. | Case No. 24-cv-04656-DMR (PR)<br><br>**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND; AND SERVING COGNIZABLE CLAIM** |

### I. INTRODUCTION

Self-represented Plaintiff Jose Humberto Magana-Torres, a state prisoner currently incarcerated at Correctional Training Facility ("CTF"), filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging constitutional violations that took place at CTF. Dkt. 1 (sealed). Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. 9. The court granted Plaintiff's motion for administrative relief to file his complaint under seal. *See id.* at 1. The complaint is not available for inspection by the public absent a court order permitting such inspection. *Id.* Accordingly, this Order avoids reference to confidential information contained in the complaint, including, "names of confidential informants (CI) and the names of inmates that are involved in current an[d] undergoing investigation . . . ." *Id.* at 1.

Plaintiff names as Defendants the following employees at CTF in their official and

---

[1] As an initial matter, the court notes that Plaintiff has listed himself as the plaintiff in this action. *See* Dkt. 1 at 1 (sealed). The court will proceed to review the pending complaint with Plaintiff as the *only* plaintiff in this action. To the extent that Plaintiff's allegations in the complaint could be construed as indicating any violations against any co-plaintiffs, *see id.* at 5, 7, 10 (sealed), any such claims should proceed in *separate* cases. Because most claims are not common to multiple plaintiffs, and because self-represented prisoners have limited access to one another and cannot represent each other in these proceedings, basic case management principles of delay reduction and avoidance of confusion call for multiple plaintiffs' claims to proceed separately.

1 individual capacities: Warden J. Borla; Lieutenant P. McDonald, Sergeant D. Lockhart;
2 Correctional Officers S. Sanchez, T. Sullivan, Larr, Magna, and Dorr; and "John Does 1 Through
3 30." Dkt. 1 at 2, 10 (sealed).[2] Plaintiff seeks injunctive relief as well as monetary and punitive
4 damages. *Id.* at 3, 16-17 (sealed).

5     The court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.
6 Venue is proper because most of the events giving rise to Plaintiff's claims are alleged to have
7 occurred at CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

8 **II.     DISCUSSION**
9     **A.     Standard of Review**
10     A federal court must conduct a preliminary screening in any case in which a prisoner seeks
11 redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
12 § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims
13 that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek
14 monetary relief from a defendant who is immune from such relief. *Id.* at § 1915A(b)(1), (2).
15 Pleadings submitted by self-represented plaintiffs must be liberally construed. *Balistreri v.*
16 *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

17     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
18 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
19 the alleged violation was committed by a person acting under the color of state law. *West v.*
20 *Atkins*, 487 U.S. 42, 48 (1988). Further, liability may be imposed on an individual defendant if the
21 plaintiff can show that the defendant proximately caused the deprivation of a federally protected
22 right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d
23 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning
24 of section 1983 if they engage in an affirmative act, participates in another's affirmative act or
25 fails to perform an act which they are legally required to undertake, that causes the deprivation of

---

[2] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Plaintiff.

which the plaintiff complains. *Leer*, 844 F.2d at 633; *see, e.g.*, *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (finding that a prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer*, 844 F.2d at 633.

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "'Supervisory liability is imposed against a supervisory official in [their] individual capacity for [their] own culpable action or inaction in the training, supervision, or control of [their] subordinates, for [their] acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted). Under no circumstances is there respondent superior liability under section 1983. *Taylor*, 880 F.2d at 1045.

Finally, Federal Rules of Civil Procedure Rule 8 requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted). A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

B.  **Background**

In his sealed complaint, Plaintiff alleges violations of his Eighth Amendment rights stemming from Defendants' actions during a cell search on December 15, 2022, which put him at risk.[3]  *See* Dkt. 1 at 5-15 (sealed).

C.  **Legal Claim**

1.  **Official Capacity Claim**

Plaintiff has sued the named Defendants individually and in their official capacity seeking monetary relief.  Dkt. 1 at 2 (sealed).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Unless waived, the Eleventh Amendment bars a federal court award of damages against a state, state agency, or state official sued in an official capacity.  *Id.* at 169.  As there has been no waiver here, Plaintiff's claim against Defendants in their official capacity for monetary damages is DISMISSED.  Plaintiff is granted leave to amend, provided he can do so in good faith.

2.  **Eighth Amendment Claim**

The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  In particular, officials have a duty to protect inmates from violence at the hands of other inmates.  *See id.* at 833.  A prison official violates the Eighth Amendment only when two requirements are met:  (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety.  *See id.* at 834.

As previously noted, this Order does not discuss the allegations in order to maintain the confidentiality of sensitive information in the sealed complaint.   Liberally construed, the allegations of the complaint state a claim under section 1983 based on the December 15, 2022 cell

---

[3] Earlier in his complaint, Plaintiff makes a conclusory reference to alleged violations of his Fifth, Sixth, Eighth and Fourteenth Amendment rights stemming from the December 15, 2022 search, but he only elaborates on the Eighth Amendment claim.  *Compare* Dkt. 1 at 5, 15 *with* 14-15 (sealed).  Plaintiff fails to set forth specific facts showing how the named Defendants actually and proximately caused the deprivation of his Fifth, Sixth, and Fourteenth Amendment rights.  *See Leer*, 844 F.2d at 634.  Thus, the court DISMISSES with leave to amend any claims of violations of his Fifth, Sixth, and Fourteenth Amendment rights stemming from the December 15, 2022 search.  Therefore, the court will only address Plaintiff's Eighth Amendment claim.

search for deliberate indifference to Plaintiff's safety in violation of his Eighth Amendment rights against Defendants Lockhart, Sanchez, Sullivan, Magna, and Dorr. Dkt. 1 at 5-15 (sealed).

The complaint also mentions "John and or Jane Does, a Correctional Sergeant, [and] Correctional Officers," who the court assumes to be unnamed prison officials allegedly involved in the December 15, 2022 search. *Id.* at 5 (sealed). He also lists "John Does 1 through 30" as Defendants under the "Parties" section. *Id.* at 2 (sealed). It appears that Plaintiff names them as Doe Defendants, whose identities he apparently intends to learn through discovery. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Plaintiff must name these individuals by the due date scheduled in this Order to file an amended complaint. Plaintiff must also set forth specific facts showing how each of these currently unnamed prison officials actually and proximately caused the deprivation of a federally protected right. Failure to do so will result in dismissal of these Doe Defendants *without prejudice to Plaintiff filing new actions against them once their names are known.*

Lastly, Plaintiff has failed to link the remaining named Defendants to his claim. With respect to Defendants Borla, McDonald, and Larr, Plaintiff mentions these Defendants in the list of Defendants section of his complaint but does not allege how each of them actually or proximately caused the deprivation of the federally protected rights of which he complains pursuant to *Leer v. Murphy*. *See* Dkt. 1 at 2 (sealed). Plaintiff has also listed Defendant Schoch in the body of the complaint, *see id.* at 5-6 (sealed), but it is not clear whether this prison official is a Defendant in this action because Plaintiff did not include Defendant Schoch in the caption or the list of Defendants section of his complaint. *See Barsten v. Dep't of the Interior*, 896 F.2d 422, 423-24 (9th Cir. 1990) (plaintiff should be given leave to amend to name intended defendants). If

5

Plaintiff wishes to pursue claims against Defendants Borla, McDonald, Larr, and Schoch, Plaintiff must set forth specific facts showing how each of these individuals actually and proximately caused the deprivation of a federally protected right.

A defendant cannot be held liable simply based on his membership in a group without showing his individual participation in unlawful conduct. *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996). Either personal involvement or integral participation of each defendant in the alleged constitutional violation is required before liability may be imposed. *See Jones v. Williams*, 297 F.3d 930, 936 (9th Cir. 2002). In amending his complaint, Plaintiff must pay close attention to the following: "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [plaintiff complains].'" *Leer*, 844 F.2d at 633 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* Defendants cannot be held liable for a constitutional violation under section 1983 unless they were integral participants in the unlawful conduct. *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018). In addition, supervisory defendants are not responsible simply because they are supervisors. There is no respondeat superior liability under section 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-83 (2009).

### III. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim against Defendants

6

Lockhart, Sanchez, Sullivan, Magna, and Dorr.

2. The court DISMISSES with leave to amend: (a) Plaintiff's claim against the named Defendants in their official capacities; (b) his claims against Defendants Borla, McDonald, Larr, and Schoch; (c) his claims against the Doe Defendants; and (d) any claims of violations of his Fifth, Sixth, and Fourteenth Amendment rights stemming from the December 15, 2022 search.

3. If Plaintiff chooses to file an amended complaint, he must file the amended complaint within **twenty-eight (28) days** of the date of this Order. The amended complaint must include the caption and civil case number used in this Order—Case No. 24-cv-04656-DMR (PR)—and the words "AMENDED COMPLAINT" on the first page. He must use the court's complaint form and answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint *all* the claims he wishes to present, including any amended claims (i.e., correcting the aforementioned deficiencies of his above claims dismissed with leave to amend) as well as his Eighth Amendment claim against Defendants Lockhart, Sanchez, Sullivan, Magna, and Dorr, which the court has already found cognizable. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint[4] in accordance with this Order in the time provided will result in the following: (1) the dismissal of (a) Plaintiff's claim against the named Defendants in their official capacities, (b) his claims against Defendants Borla, McDonald, Larr, and Schoch, (c) his claims against the Doe Defendants *without prejudice to Plaintiff filing new actions against them once their names are known*, and (d) any claims of violations of his Fifth, Sixth, and Fourteenth Amendment rights stemming from the December 15, 2022 search; (2) the initial complaint (Dkt. 1 (sealed)) remaining the operative complaint; and (3) this action proceeding in accordance with this Order.

4. The Clerk of the Court shall serve the following Defendants at CTF:

    a. **Sergeant D. Lockhart; and**

---

[4] **If Plaintiff chooses to file an amended complaint, he must also file another request for the court to file it under seal, if he so wishes for that document to be sealed.**

7

    **b.**  **Correctional Officers S. Sanchez, T. Sullivan, Magna, and Dorr.**
Service on the listed defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: this order of service, a CDCR Report of E-Service Waiver form and a summons. **Defendant(s) and/or counsel for Defendant(s) shall contact the Clerk to inquire about the procedure to gain access to the sealed operative complaint, which the court GRANTS Defendant(s) and/or counsel for defendant(s) access to.** *See* Dkt. 1 (sealed). The Clerk shall serve by mail a copy of this Order on Plaintiff.

    No later than **forty (40) days** after service of this Order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court if the defendant(s) listed in this Order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") or if defendant(s) will decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney General's Office, which, within **twenty-one (21) days**, shall file with the court a waiver of service of process for any defendant(s) who are waiving service and, within **twenty-eight (28) days** thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to any defendant(s) who waived service.

    Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 form. The Clerk shall provide to the USMS the completed USM-285 form and copies of this Order, summons, operative complaint and notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

    5.  The defendant(s) shall answer the complaint in accordance with the Federal Rules

of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

  a. No later than **sixty (60) days** from the date their answer is due, the defendant(s) shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[5] notice so that the plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the court notes that under this Circuit's case law, in the rare event that a failure to exhaust is clear on the face of the complaint, the defendant(s) may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, the defendant(s) must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to the plaintiff shows a failure to exhaust, the defendant(s) shall be entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

  If the defendant(s) should have the opinion that this case cannot be resolved by summary judgment, the defendant(s) shall so inform the court at least **seven (7) days** prior to the date the

---

[5] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

9

summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b.  The plaintiff's opposition to the dispositive motion shall be filed with the court and served on the defendant(s) no later than **twenty-eight (28) days** after the date on which the motion of defendant(s) is filed.

    c.  The plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the declarations of defendant(s) and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

  The plaintiff also is advised that—in the rare event that the defendant(s) shall raise the argument that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or

10

depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse the obligation of defendant(s) to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

    d.    The defendant(s) shall file a reply brief no later than **fourteen (14) days** after the date the plaintiff's opposition is filed.

    e.    The summary judgment motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to the defendant(s) to depose the plaintiff and any other necessary witnesses confined in prison.

7.    All communications by the plaintiff with the court must be served on the counsel of defendant(s) by mailing a true copy of the document to them.

8.    It is the plaintiff's responsibility to prosecute this case. The plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a self-represented party whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the self-represented party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the self-represented party indicating a current address. *See* L.R. 3-11(b).

9.    Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

10. The Clerk shall include a copy of a blank complaint form with a copy of this Order to the plaintiff.

IT IS SO ORDERED.

Dated: July 29, 2025

_____
DONNA M. RYU
Chief Magistrate Judge